UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                                    **Civil Action 2:11-cv-00219**
v.                                     **Judge George C. Smith**
                                    **Magistrate Judge E.A. Preston Deavers**

**FIFTEEN THOUSAND EIGHT HUNDRED
FORTY AND 00/100 DOLLARS ($15,840.00)
IN UNITED STATES CURRENCY,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Strike Answer of Matthew Hughes (ECF No. 12) and the Motion for Leave to File a Claim Instanter of Matthew Hughes (ECF No. 16). For the reasons that follow, Mr. Hughes' Motion for Leave is **GRANTED** and Plaintiff's Motion to Strike is **DENIED**.

### I.  BACKGROUND

Plaintiff, the United States of America, brings this action pursuant to 21 U.S.C. § 881(a)(6) seeking forfeiture of the Defendant Currency. On March 11, 2011, the Court issued a Warrant of Arrest in Rem directing the United States Marshal to seize the Defendant Currency. On March 24, 2011, Plaintiff sent direct notice, pursuant to Rule G(4)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims, to Matthew Hughes and his attorney. This notice explicitly informed Mr. Hughes and his attorney that the deadline to file a claim was May 2, 2011. On May 2, 2011, without filing a claim pursuant to Supplemental Rule G(5), Matthew Hughes filed an Answer to the Complaint. (Answer, ECF No. 9.)  Counsel for Plaintiff

maintains, and Mr. Hughes does not contest, that on May 2, 2011 he contacted Mr. Hughes' counsel to inform him that Mr. Hughes had failed to file a timely claim pursuant to Supplemental Rule G(5) and to encourage him to file a claim by the end of the week.

On May 16, 2011, as Mr. Hughes had not filed a claim as of this date, Plaintiff moved to strike Mr. Hughes' Answer. (ECF No. 12.) Plaintiff maintains that because Mr. Hughes failed to file a timely verified claim under Supplemental Rule G(5) he lacks statutory standing to contest this forfeiture, and, therefore, the Court should strike his Answer.

In lieu of responding to Plaintiff's Motion to Strike, Mr. Hughes moved for leave to file a claim *instanter* on June 10, 2011.[1] (ECF No. 16.) Mr. Hughes filed his Verified Claim to Subject Property contemporaneously with his Motion for Leave. (ECF No. 15.) Mr. Hughes asserts that he filed a claim under penalty of perjury with the Asset Forfeiture Unit of the United States Postal Service in December 2010. According to Mr. Hughes and his counsel, they failed to recognize that a separate claim, filed with the Court, was required pursuant to Supplemental Rule G(5). Furthermore, Mr. Hughes contends that Plaintiff will not be prejudiced by the grant of his Motion for Leave. Accordingly, Mr. Hughes requests that the Court grant him leave to file his claim *instanter* and treat his Answer as if it were filed subsequently to his claim.

Plaintiff opposes Mr. Hughes' Motion for Leave. Plaintiff contends that its actions put Mr. Hughes on notice that the Supplemental Rules applied and that he needed to file a claim by May 2, 2011. Additionally, Plaintiff stresses that its counsel contacted counsel for Mr. Hughes to inform him that he had failed to file a valid claim. Plaintiff also maintains that the Verified Claim Plaintiff filed contemporaneously with his Motion for Leave fails to satisfy the

---

[1] The Court extended Mr. Hughes' response time to this date.

requirements of Supplemental Rule G.

## II.  ANALYSIS

In order to have statutory standing to contest the government's forfeiture action, a person must file a claim pursuant to Supplemental Rule G(5).  *United States v. One Men's Rolex Pearl Master Watch*, 357 F. App'x 624, 627 (6th Cir. 2009).  Supplemental Rule G(5) provides in pertinent part:

> (5) Responsive Pleadings.
>
>> (a) Filing a Claim.
>>
>>> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>>>
>>>> (A) identify the specific property claimed;
>>>> (B) identify the claimant and state the claimant's interest in the property;
>>>> (C) be signed by the claimant under penalty of perjury; and
>>>> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).
>>>
>>> (ii) Unless the court for good cause sets a different time, the claim must be filed:
>>>
>>>> (A) by the time stated in a direct notice sent under Rule G(4)(b);
>>>
>>> * * *
>>
>> (b) Answer. A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

Fed. R. Civ. P. Supp. R. G(5).  The requirement of a verified claim is "particularly important because it helps 'prevent the danger of false claims in forfeiture proceedings by informing the court on oath or affirmation that the claimant is entitled to contest the forfeiture action by virtue

3

of his interest in the defendant property.'" *Rolex Pearl Master Watch*, 357 F. App'x at 627 (6th Cir. 2009) (quoting *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir.1998)).

Federal courts, including the United State Court of Appeals for the Sixth Circuit, have generally required strict compliance with the requirements of Supplemental Rule G. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 323 (6th Cir. 2010). Accordingly, "[w]hen a claimant files an answer but has not timely filed a verified claim, the court may strike the answer." *United States v. Thirty-Five Firearms*, 123 F. App'x 204, 206 (6th Cir. 2005). The decision as to whether to strike is discretionary. *Id.* Additionally, "the district court has discretion to permit an extension of time or allow late filing of a verified claim." *Id.*

The Sixth Circuit has noted that "[t]here is no firmly established 'test' under the Supplemental Rule G case law to determine whether to excuse noncompliance generally, and untimeliness specifically." *$22,050.00 U.S. Currency*, 595 F.3d at 323. In *Thirty-Five Firearms* the Sixth Circuit highlighted some potentially relevant factors in this consideration including "the reasons for the delay, whether the [claimant] advised the court and the government of their interest in the property before the claim deadline, and whether the government would be prejudiced by the late filing." 123 F. App'x at 207. Nevertheless, *Thirty-Five Firearms* "hardly establishes these considerations as the 'test' to use in these kinds of cases." *$22,050.00 United States Currency*, 595 F.3d at 323. Other federal courts have indicated that "courts may excuse some minor procedural failings so long as the underlying goals of the Supplemental Rules are not frustrated." *U.S. v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F. Supp.2d 97, 102 (D.D.C. 2009) (internal quotations omitted). Factors other courts have found relevant include "(1) whether the claimant has advised the court and the government of its interest in the

4

defendant . . . and (2) whether the government would be prejudiced by allowing the late filing." *United States v. One 2005 Rolls Royce Phantom*, No. 07 C 2870, 2008 WL 109114, at *3 (N.D. Ill. Jan. 8, 2008); *see also United States v. $125,938.62*, 370 F.3d 1325, 1330 (11th Cir. 2004) (holding that a "district court abused its discretion in disallowing [a] Second Amended Verified Claim" when "[t]he government was on notice as to [the] identities" of the claimants and any prejudice to the government in allowing an extension would be minimal).

In this case, the Court concludes, in its discretion, that Mr. Hughes will be permitted leave to file his claim. Plaintiff is certainly correct that Mr. Hughes must file a verified claim pursuant to Supplemental Rule G(5) to have statutory standing in this case. Nevertheless, the instant matter comes down to whether the circumstances justify an extension to file such a claim. Here, through the combination of his claim during the administrative process and his May 2, 2011 Answer, the Court finds that Mr. Hughes advised Plaintiff of his interest in the property before the claim deadline. Furthermore, Mr. Hughes maintains, and Plaintiff does not contest, that he filed the administrative claim under penalty of perjury. This provides reason to believe that Mr. Hughes satisfied Rule G(5)'s general purpose, preventing false claims by forcing a claimant to take an oath, even if Mr. Hughes failed to meet the letter of the Rule. Finally, the Court finds that granting leave to file a claim will result in little, if any, prejudice to Plaintiff. Accordingly, although Mr. Hughes' reasons for the late filing are less than robust, the Court still finds that granting Mr. Hughes leave to file is appropriate.[2] *See One 2005 Rolls Royce Phantom*,

---

[2] Although the circumstances involved in *Thirty-Five Firearms* are similar to those of this case, nothing in the Sixth Circuit's opinion precludes this Court's finding. First, there are a few clear distinctions in the relevant facts. In *Thirty-Five Firearms*, the Sixth Circuit emphasized that the administrative claim did not serve as an important factor because the record contained no indication that the claim was made under penalty of perjury. 123 F. App'x at 206–07. The Sixth Circuit also stressed that the claimants in question had failed to move for an

2008 WL 109114, at *3 ("Admittedly, [the claimant's] reasons for its late filing are feeble, but courts have extended the time to file a claim despite [a] claimant's failure to offer *any* reasons supporting failure to file where the government failed to specifically show how it would be prejudiced by a late filing.").

### III.  CONCLUSION

Accordingly, the Motion for Leave of Matthew Hughes (ECF No. 16) is **GRANTED**.  Because the Court grants Mr. Hughes leave to file, Plaintiff's Motion to Strike (ECF No. 12) is **DENIED** at this time.  Furthermore, the Court will treat Plaintiff's Answer as if it was filed subsequent to Mr. Hughes' claim.  Although the Court will not reach the issue at this time, Plaintiff contends that Mr. Hughes' Verified Claim fails to meet the requirements of Supplemental Rule G(5).[3]  Nevertheless, pursuant to Supplemental Rule G, the Court retains the discretion to permit amendments to pleadings rather than striking such pleadings.  *See* Fed. R. Civ. P. Supp. R. G (2006 Advisory Committee Notes) ("As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under [Federal Rule of Civil Procedure] 15.").  The Court finds, given the general circumstances outlined above, that a brief period to allow Mr. Hughes to amend his claim and answer is appropriate.  Accordingly, Mr. Hughes will have **SEVEN (7) DAYS** from

---

extension of time to file a verified claim. *Id.* at 207.  Second, in *Thirty-Five Firearms* the Sixth Circuit only held that the district court did not abuse its discretion. *Id.*  It did not conclude that an opposite result would have resulted in an abuse of discretion.

[3] For instance it is not actually signed by Mr. Hughes, properly notarized, or made under penalty of perjury.

the date of this Order if he wishes to amend either his claim or answer.[4]  At the end of this period, if Plaintiff still contends either filing is deficient, it may move to strike.

    **IT IS SO ORDERED.**


Date: September 30, 2011                                             /s/ *Elizabeth A. Preston Deavers*
                                                                           Elizabeth A. Preston Deavers
                                                                           United States Magistrate Judge

---

[4] Mr. Hughes should anticipate no further extensions or leniency with respect to conformance of his filed documents to the applicable Rules.  Mr. Hughes must strictly comply with the Rules and procedures, or his filings will be subject to being stricken.