UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

      Civil Action 2:11-cv-00219
      Judge George C. Smith
      Magistrate Judge E.A. Preston Deavers

**FIFTEEN THOUSAND EIGHT HUNDRED
FORTY AND 00/100 DOLLARS ($15,840.00)
IN UNITED STATES CURRENCY,** *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Second Motion to Strike Answer of Matthew Hughes Pursuant to Supplemental Rule G(8)(c). (ECF No. 21.) Mr. Hughes has not responded to Plaintiff's Motion. For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**.

On September 30, 2011, the Court issued an Opinion and Order denying Plaintiff's first Motion to Strike and granting the Motion for Leave to File a Claim Instanter of Matthew Hughes.[1] At that time, the Court noted that there appeared to be deficiencies in Mr. Hughes' Claim and granted Mr. Hughes seven days in which to amend either his Claim or Answer. The Court cautioned Mr. Hughes that he must strictly comply with the Supplemental Rules for Certain Admiralty and Maritime Claims. Mr. Hughes failed to amend either his Claim or Answer. Plaintiff, thereafter, filed the instant Motion.

In order to have statutory standing to contest the government's forfeiture action, a

---

[1] The Court's prior order contained a more in depth account of the background of this action, which the Court will not repeat at this time.

claimant must file a claim in compliance with the requirements of Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims. *United States v. One Men's Rolex Pearl Master Watch*, 357 F. App'x 624, 627 (6th Cir. 2009). Pursuant to Supplemental Rule G(8), the Court may strike a claim or answer "(A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing." Accordingly, the Court may strike the Answer of a claimant who fails to file a claim in compliance of Rule G(5). *See United States v. Thirty-Five Firearms*, 123 F. App'x 204, 206 (6th Cir. 2005) ("When a claimant files an answer but has not timely filed a verified claim, the court may strike the answer.").

Supplemental Rule G(5) provides in pertinent part:

(5) Responsive Pleadings.

(a) Filing a Claim.

(i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

(A) identify the specific property claimed;
(B) identify the claimant and state the claimant's interest in the property;
(C) *be signed by the claimant under penalty of perjury*; and
(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Fed. R. Civ. P. Supp. R. G(5) (emphasis added).

In this case, Plaintiff's June 10, 2011 fails to comply with the requirements of Rule G(5). For example, Mr. Hughes failed to make his purported claim under penalty of perjury and did not actually sign the document. *See Fox v. Brown Memorial Home, Inc.*, 2:09-CV-915, 2010 WL 4983153, at *1 (S.D. Ohio Dec. 2, 2010) (rejecting, pursuant to this Court's local rules, the electronic signature of a non-attorney in the context of a

motion to strike).  Although the Court granted Plaintiff leave to correct these deficiencies, he chose not to act.

Because Plaintiff has failed to file a Claim complying with Rule G(5), he lacks statutory standing in this case.  Accordingly, pursuant to Rule G(8) it is **RECOMMENDED** that Plaintiff's Second Motion to Strike be **GRANTED** (ECF No. 21), and that  Mr. Hughes' Answer (ECF No. 9) be **STRICKEN** from the record.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)

("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: November 15, 2011             /s/ *Elizabeth A. Preston Deavers*
                                                  Elizabeth A. Preston Deavers
                                                  United States Magistrate Judge